**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**STEPHEN SHEFFIELD,**

        **Plaintiff,**

**v.**                                     **Civil Action No. 2:10cv46**
                                              **(Judge Maxwell)**

**LT. GIFFORD AND**
**C/O D. MORGAN**

                **Defendant.**

**REPORT AND RECOMMENDATION**

## I. Procedural History

On April 5, 2010, the *pro se* plaintiff, a federal prisoner, initiated this case by filing a civil rights complaint concerning certain personal property that was lost during a transfer on June 6, 2007. On April 12, 2010, the plaintiff was granted leave to proceed *in forma pauperis*, and due to his financial situation, was not required to pay an initial partial filing fee. This case is before the Court for an initial review pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.   The Complaint

In the complaint, the plaintiff asserts that on June 6, 2007, he was transferred from USP-Hazelton to FCC-Coleman. Upon his arrival at FCC-Coleman, the plaintiff discovered that some of his personal property was missing. He further asserts that his property was packed by Lt. Gifford and Corrections Officer D. Morgan at USP-Hazelton. Among the missing items were personal greeting cards and poems that the plaintiff alleges he could have sold for profit. The plaintiff asserts that the loss of his property was retaliatory and/or due to improper training. He further asserts that he presented this claim to the Bureau of Prisons through an administrative tort remedy, but that the Regional Director failed to respond. The plaintiff sues the defendants in both their official and individual capacities and seeks ten million dollars for the civil rights violations and twenty million dollars for all other proceedings.

### IV.   Analysis

**A.   Plaintiff's Constitutional Claims for Loss of Property**

Unlike claims against state actors under 42 U.S.C. § 1983, constitutional claims against

---

[1] *Id.* at 327.

individual federal employees are not statutorily authorized. Instead, those claims are created only through judicial authority. Thus, constitutional claims against federal employees in their individual capacities are subject to the limitations of that authority.

In <u>Carlson v. Green</u>, 446 U.S. 14 (1980), the Supreme Court found two instances in which a <u>Bivens</u>[2] action cannot be maintained. First, when there are "special factors counseling hesitation in the absence of affirmative action by Congress." <u>Carlson</u>, 446 U.S. at 18. Second, when "Congress has provided an alternative remedy which is explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." *Id.* at 18-19 (emphasis in original).

Here, Congress has explicitly stated that the exclusive remedy for recovery of loss of property is against the United States. <u>See</u> 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim* . . . ") (emphasis added). Accordingly, the plaintiff cannot bring a constitutional claim against the defendants in their individual capacities for the property alleged to have been lost during his transfer and that claim should be dismissed with prejudice.

**B.** **Plaintiff's Tort Claim for Lost Property**

---

[2]<u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971). (authorizing suits against federal actors in their individual capacities).

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States. The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680.

Despite this limited waiver, FTCA § 2680(c) expressly preserves sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006). However, the United States Supreme Court has since determined that this exception preserves sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).[3] Accordingly, this Court does not have jurisdiction to entertain the plaintiff's tort claim and that claim should be dismissed with prejudice.

---

[3]In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

## C.   Plaintiff's Retaliation Claim

In order to sustain a claim based on retaliation, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994).  Therefore, *"in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked conclusory allegations of reprisal to survive [§ 1915(e)(2)(B) ]." *Id.* Furthermore, claims of retaliation are treated with skepticism in the prison context.  Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996).   Additionally, "a plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia,* that she suffered some adversity in response to her exercise of protected rights."  American Civil Liberties Union of Maryland, Inc. v. Wicomico County, Md.,  999 F.2d 780, 785 (4th Cir. 1993).

In this case, the plaintiff merely makes a naked allegation of retaliation.  He makes absolutely no allegations to support that claim, nor does he assert that the retaliatory act was in response to the exercise of a constitutionally protected right or that the act itself violated such a right.  Accordingly, he has failed to state a claim of retaliation and that claim should be dismissed without prejudice.

## V.   Recommendation

For the reason's stated, the undersigned recommends that the plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915A(b)(1) and 1915(e)(2)(B)(i) for the failure to state a claim upon which relief may be granted.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the

portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket.

DATED: April 19, 2010.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE